SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.
John E. Howard, III was convicted of possessing with the intent to distribute more than five hundred grams of cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). He was sentenced principally to 72 months imprisonment. Petitioner now appeals from his July 8, 2008 judgment of conviction. On appeal, appellant argues for suppression of evidence obtained pursuant to wiretap orders of April 21 and May 20, 2004. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Appellant first contends that the wiretap orders did not comply with the restrictions *519 of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (“Title III”), 18 U.S.C. §§ 2510-2522, because the Government (a) failed to adequately identify Appellant as one of the persons whose communications would be intercepted, and (b) failed to establish that alternative investigative techniques were used or attempted before appellant’s phone was tapped. We grant considerable deference to the issuing judge’s decision to authorize a wiretap, ensuring only that the facts in the wiretap application were “minimally adequate” to support the determination. United States v. Miller, 116 F.3d 641, 663 (2d Cir.1997).
To comply with the identification requirement of Title III, the Government need only identify an individual when it has “probable cause to believe that the individual is engaged in the criminal activity under investigation and expects to intercept that individual’s conversations over the target telephone.” United States v. Donovan, 429 U.S. 413, 428, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977) (emphasis added). Here, appellant was properly omitted from the affidavit of April 21 because there is no evidence that the Government had probable cause to suspect appellant at this date. Appellant was correctly identified in the affidavit of May 20.
To comply with the “necessity requirement” of Title III, wiretap applications must include a “full and complete statement” explaining if alternative investigative techniques have been tried and failed, why they “reasonably appear” unlikely to succeed if tried, or that they are too dangerous. 18 U.S.C. § 2518(l)(c). To be adequate, this statement must provide “some basis for concluding that less intrusive investigative procedures are not feasible.” United States v. Lilia, 699 F.2d 99, 103 (2d Cir.1983). Here, both affidavits included significantly more than “generalized and conclusory statements” or “skimpy” details about the specific alternative techniques tried and why they failed or were likely to fail. See id. at 104; United States v. Concepcion, 579 F.3d 214, 215 (2d Cir.2009) (holding that the facts in the affidavit in support of wiretap application were “minimally adequate” to support the finding that a wiretap was necessary). Further, as the district court noted, wiretapping was not the first step in the investigation of appellant. See United States v. Giordano, 416 U.S. 505, 515, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974); United States v. Miller, 116 F.3d 641, 663 (2d Cir.1997); United States v. Kahn, 415 U.S. 143, 153 n. 12, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974). Pen register and trap and trace devices were used on appellant’s telephone, and physical surveillance was conducted of 516 Mumford St., where appellant received phone bills. United States v. Howard, 400 F.Supp.2d 457, 476, n. 8 (N.D.N.Y.2005). These facts were more than “minimally adequate.”
Second, Appellant contends that call log records indicate the Government illegally began tapping his phone prior to obtaining the April 21 wiretap order. Although appellant did not raise this claim on the motion to suppress, his co-defendant did. The district court denied the motion, crediting affidavits of two government agents that the call logs were created with pen register and trap and trace records obtained pursuant to a valid court order. Howard, 400 F.Supp.2d at 480-81. These affidavits explain some confusing aspects of the call log records. Specifically, the affidavits clearly explain that “voice” and “English” are default classifications that do not indicate a recording. Instead, *520 when a conversation is recorded, “audio” is stamped on the call log.
One call record, however, is more troubling; this call is classified as “privileged,” which suggests the Government was aware of the substance of the conversation. The affidavits merely state that the classification was a “data entry error,” and that the call was not recorded. If we were in the district court’s position, we would have conducted a hearing to delve further into this bare explanation. Cross examination of the Government affiants would have given the court a better opportunity to assess their credibility and more accurately evaluate the motion to suppress. Despite this reservation, we cannot conclude that the district court clearly erred in finding that no wiretapping occurred prior to the issuance of the wiretap order in this case, United States v. Worjloh, 546 F.3d 104, 108 (2d Cir.2008) (per curiam); United States v. Gagnon, 373 F.3d 230, 235 (2d Cir.2004), or that the district court abused its discretion in declining to hold a hearing. Worjloh, 546 F.3d at 109. Appellant did not show that there had been an “intervening change in the law,” “new evidence,” or need “to correct a clear error of law or to prevent manifest injustice” that required a rehearing. United States v. Sanchez, 35 F.3d 673, 677 (2d Cir.1994).
Accordingly, the judgment of the district court hereby is AFFIRMED.